IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50225
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NANCY MALKIEWICZ,

Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-95-CR-66-ALL
- - - - - - - - - -
December 20, 1996
Before REAVLEY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Nancy Malkiewicz appeals her guilty-plea conviction for use of a facility of commerce in a murder for hire, in violation of 18 U.S.C. §§ 2, 1958(a). Malkiewicz contends that the district court abused its discretion by denying her postjudgment motion for reduction of sentence, or in the alternative, motion for new trial based on her contentions that the Government breached the

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

plea agreement and, in the alternative, that her guilty plea was not knowing and voluntary. The district court may not grant a reduction of sentence on this basis. Fed. R. Crim. P. 35(c). A motion for new trial is not available to Malkiewicz because she pleaded guilty. See United States v. Lewis, 921 F.2d 563, 564 (5th Cir. 1991). Malkiewicz's postjudgment motion is therefore construed as a motion for reconsideration. Id.

It is doubtful that a guilty plea can be withdrawn by a motion for reconsideration. See Fed. R. Crim. P. 32(e)(after sentencing, a guilty plea can be withdrawn only by direct appeal or a motion under 28 U.S.C. § 2255). Insofar as this appeal is direct from the judgment of conviction, as distinct from the denial of the motion for reconsideration, the request to withdraw the plea was not made until after judgment. A direct appeal from the judgment does not bring up the denial of the request to withdraw the plea.

Even if a guilty plea can be challenged in a motion for reconsideration, the district court did not err in denying the motion because the record does not support Malkiewicz's theory of breach of the plea agreement, and Malkiewicz's guilty plea was knowing and voluntary. See United States v. Garcia-Bonilla, 11 F.3d 45, 46 (5th Cir. 1993).

Malkiewicz's statements at her rearraignment reveal that she knowingly and voluntarily entered the plea agreement and that she understood its terms. After the terms of the agreement were

summarized, Malkiewicz told the district court, under oath, that she understood the plea agreement, had discussed it with her attorney, and that she agreed to its terms.  R. 2, 6-11.  The district court specifically advised Malkiewicz that the Government's promised sentencing recommendations were non-binding, that her punishment range could not be accurately calculated at that time, that her sentence might exceed 12 years, and that the statutory maximum sentence was 20 years.  Id. at 9-14.  During the hearing on Malkiewicz's postjudgment motion, Malkiewicz testified that she had been aware that the district court could have sentenced her up to 20 years and that she had been aware that she had agreed not to withdraw her guilty plea if the court did not accept the Government's sentencing recommendations.  Id.   Malkiewicz's statements show that the terms of Paragraph 13 did not lead her to believe that she was subject to a term of imprisonment of 9-12 years.  Because the plea agreement was not ambiguous, Malkiewicz's argument that her guilty plea was involuntary must fail.  The district court did not commit error, plain or otherwise.

AFFIRMED.